United States District Court
Southern District of Texas
**ENTERED**
August 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOYD LANDON SORROW, (TDCJ-CID #1134905) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-16-2530 |
| TDCJ EXECUTIVE DIRECTOR, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Loyd Landon Sorrow, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in August 2016, alleging a denial of access to the courts. Sorrow, representing himself, sued the Executive Director of the TDCJ-CID, the University of Texas Medical Branch in Galveston, the Terrell Unit, Dr. Erin Alison Jones, and Dr. S. Abron. The threshold issue is whether Sorrow's claims are duplicative of claims he asserted earlier in a pending case.

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges

the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Sorrow filed a handwritten complaint on August 12, 2016, which was filed in Civil Action No. 4:16-2493. On August 17, 2016, Sorrow filed another copy of the same handwritten complaint, which was filed in the present case, Civil Action No. 4:16-2530. Because the complaint in Civil Action No. 16-2493 duplicates the present case, this case is dismissed as improvidently filed. 28 U.S.C. § 1915A(b)(1). The Clerk is directed to file a copy of the complaint filed in this case in the earlier filed case, Civil Action No. 4:16-2493.

SIGNED on August 23, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge